UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-CV-23902-JLK

MARXITO FRANCOIS,

      Plaintiff,

vs.

SECURITY ALLIANCE OF FLORIDA, LLC,
and MIAMI-DADE COUNTY, FLORIDA,

      Defendants.
_____/

## ORDER GRANTING SUMMARY JUDGMENT

**THIS CAUSE** comes before the Court upon Defendant's Motion for Summary Judgment (DE #13), filed July 7, 2011, and Plaintiff's Motion for Partial Summary Judgment (DE #12), filed June 21, 2011. The Court is fully briefed in the matter.[1] Plaintiff Marxito Francois, a security guard formerly employed by Defendant Security Alliance of Florida, asserts a claim for alleged retaliation under 42 U.S.C. § 1981. Upon careful review, the Court finds summary judgment should be granted in favor of Defendant.

## I.    FACTUAL ALLEGATIONS

---

[1]Plaintiff filed a Response to Defendant's Motion for Summary Judgment (DE #18) July 17, 2011, to which Defendant replied (DE #19) July 27, 2011. Defendant filed an Opposition to Plaintiff's Motion for Partial Summary Judgment (DE #15) July 8, 2011, to which Plaintiff replied (DE #17) July 17, 2011.

The following facts are not in dispute.[2]  In 2005 the Miami-Dade County General Services Administration ("GSA") awarded Defendant Security Alliance of Florida ("Security Alliance") a contract, previously held by Delad Security, at the Miami-Dade County Water and Sewer Administration facility ("WASA").  (DSOF ¶2).  Plaintiff Marxito Francois ("Francois") was a security guard on the GSA contract that was taken over by Security Alliance in April 2005. *Id.* at ¶3.  Francois was then hired by Security Alliance to continue working as a security guard at WASA.  *Id.*  Plaintiff remained simultaneously employed by Delad Security on another part of the WASA contract that was still held by Delad.  *Id.* at ¶4.  Miami-Dade County had the authority to instruct Security Alliance to remove security guards from the posts and/or the GSA contract.  *Id.* at ¶5.

In October 2006, Miami-Dade County GSA supervisor Michael Breaux informed Security Alliance that he had observed an employee, which later turned out to be Francois, with his back to the entrance of the WASA Preston Plant while on post.  *Id.* at ¶6.  Breaux purportedly asked for Francois' removal at WASA on October 17, 2006.  *Id.* at ¶9.  Francois remained at the WASA Preston Plant for Security Alliance until October 22, while from October 23 to December 15, 2006, Francois worked for Security Alliance at non-WASA posts.  *Id.* at ¶8.

---

[2]Defendant's Statement of Material Undisputed Facts (DE #14) is cited as "DSOF."  None of the cited facts are disputed by Plaintiff (DE #18) and, as such, are well supported and admitted pursuant to Local Rule 7.5(d).

On November 7, 2006, Francois filed a discrimination charge with the EEOC against Security Alliance, claiming he was terminated by Michael Breaux on October 17, 2006. *Id.* at ¶11. Francois also asserts in his letter to the EEOC that another GSA supervisor, Joseph Wolf, told Francois that he would never return him to the WASA post. *Id.* at ¶13. Nevertheless, Francois asked the GSA and Security Alliance to put him back at the WASA post. *Id.* at ¶¶13–14. Despite his claim of being banned from all WASA posts during this time period, Francois continued working at a WASA facility as a security guard for Delad Security. *Id.* at ¶10. On December 16, 2006, Security Alliance put Francois back at the WASA post he requested. *Id.* at ¶15. Francois withdrew his discrimination charge against Security Alliance by signing a withdrawal form on May 11, 2007. *Id.* at ¶16.

On May 16, 2007, Joseph Wolf observed Francois committing two contract infractions: violating the uniform policy and having unauthorized reading material at his post. *Id.* at ¶20. In connection with his inspection, Wolf prepared one Guard Infraction Report for Francois and another for Security Alliance. *Id.* The infraction report given to Francois details his infractions and indicates that another GSA supervisor had warned Francois about prior job performance and behavior issues. *Id.* The infraction report for Security Alliance imposed a fine upon Security Alliance and indicated that Francois was to be "Removed from Contract." *Id.* Following this report, Wolf contacted both Security Alliance and Delad Security and removed Francois from both companies' contract with WASA. *Id.* at ¶25. Eric Camacho, the Security Alliance Project Manager, testified in an

administrative hearing that after Wolf removed Francois from the WASA contract for the infractions, Security Alliance terminated Francois for violation of company policy. *Id.* at ¶26. Francois commenced this action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, and Security Alliance timely removed it to this Court on October 27, 2010. (DE #1). As noted above, Security Alliance now seeks summary judgment on its own behalf.

## II.    LEGAL STANDARD

Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is "material" if it is may determine the outcome under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Allen*, 121 F.3d at 646. If the record as a whole could not lead a rational fact-finder to find for the nonmoving party, there is no genuine issue of fact for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmoving party must show specific facts to support that there is a genuine dispute. *Id.*.

The moving party bears the burden of pointing to the part of the record that shows the absence of a genuine issue of material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to go beyond the pleadings and designate "specific facts

showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991) (holding that the nonmoving party must "come forward with significant, probative evidence demonstrating the existence of a triable issue of fact."). When the nonmoving party fails to sufficiently prove an essential element of its case, all other facts are rendered "immaterial." *Celotex*, 477 U.S. at 322-23.

On a motion for summary judgment, the court must view the evidence and resolve all inferences in the light most favorable to the nonmoving party. *See Anderson*, 477 U.S. at 255. However, a mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment. *See id.* at 252. If the evidence offered by the nonmoving party is merely colorable or is not significantly probative, summary judgment is proper. *See id.* at 249–50.

## III.    DISCUSSION

After completing significant discovery related to Plaintiff's retaliation claim, Defendant now argues that summary judgment is appropriate for any (and all) of the following reasons: (1) Plaintiff cannot show that he suffered an adverse employment action; (2) Plaintiff cannot demonstrate that there was any causal connection between his filing of a charge of race discrimination with the EEOC in November 2006 and his termination in May 2007; (3) Plaintiff cannot demonstrate that the reason for his termination was pretextual. (DE #13, at 3–4). This Court will address first Defendant's argument that there is no evidence that Plaintiff's termination was pretextual. Finding it

dispositive, the Court will not go into whether the undisputed evidence on the record shows Plaintiff cannot establish a *prima facie* case of retaliation.

Defendant argues that the undisputed evidence on the record shows that Plaintiff was fired for violations of company policy after being removed from the WASA contract on which he had been working.  (DE #19, at 9).  The incident report specifically identified the infractions and violation of company policy: improper uniform shoes and unauthorized reading material such as newspaper and bills and mortgage papers  scattered around Plaintiff's desk.  (DOSF ¶26).  To survive a summary judgment motion, "a plaintiff must produce sufficient evidence for a reasonable factfinder to conclude that each of the employer's proffered nondiscriminatory reasons is pretextual." *Chapman v. AI Transport*, 229 F.3d 1012, 1030 (11th Cir. 2000); *see also Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 254–255 (1981); *Combs v. Plantation Platters*, 106 F.3d 1509, 1543 (11th Cir. 1997).

In the present case, Plaintiff fails to produce *any* evidence that the reasons Defendant fired Plaintiff were pretext for a retaliatory action.  Indeed, Plaintiff admits he was in violation of the uniform policy and had unauthorized reading material at his post in his Second Amended Complaint. *See* 2d Am. Compl. ¶49, DE #8, at 3.  Plaintiff received a Guard Infraction Report detailing his infractions and noting that he had been warned previously about prior job performance and behavior issues.  (DSOF ¶20).  Following that report, Plaintiff was removed from the GSA contract and fired by Security Alliance.

In response to Defendant's argument, Plaintiff does not discuss the reasons Defendant fired Plaintiff. Instead, Plaintiff argues that Security Alliance "has not stated a nonretaliatory reason why it continued to place Plaintiff to work on its WASA posts in violation of GSA's order to [Security Alliance]." (DE #18, at 5). Defendant did, however, offer a nonretaliatory reason for placing Plaintiff at a WASA post, stating that it did so at the repeated request of Plaintiff. (DSOF ¶¶ 13–15). Furthermore, Plaintiff did not address any of the reasons Security Alliance fired him, focusing instead on another action. The undisputed evidence states that Security Alliance fired Plaintiff for violating company policy, after he was removed from the GSA contract for two infractions. The adverse action at issue here is the termination of Plaintiff, rather than the placing of Plaintiff at a WASA post.

Thus, Defendant has articulated legitimate reasons for terminating Plaintiff's employment, and Plaintiff has not come forward with any evidence that those reasons are pretextual. Summary judgment must be granted for Defendant. Consequently, the Court need not reach the issues raised in Plaintiff's Motion for Partial Summary Judgment.

## IV.    CONCLUSION

Upon careful review of the record and the Court being otherwise fully advised, it is hereby

**ORDERED, ADJUDGED, and DECREED** as follows:

1.     Defendant Security Alliance of Florida's Motion for Summary Judgment
(**DE #13**) is **GRANTED.**  Final judgment is hereby **ENTERED** in favor of
Defendant Security Alliance of Florida.

2.     Plaintiff's Motion for Partial Summary Judgment (**DE #12**) is **DENIED as
moot.**

3.     All other pending motions are **DENIED as moot.**

4.     The Clerk shall **CLOSE** this case.

**DONE** and **ORDERED** in Chambers at the James Lawrence King Federal Justice
Building and United States Courthouse, Miami, Florida, this 14th day of November,
2011.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc:

**Counsel for Plaintiff**

**Erwin Rosenberg**
PO Box 416433
Miami Beach, FL 33141
786-299-2789
Fax: 305-397-1615
Email: erwinrosenberg@gmail.com

**Counsel for Defendant**

**Neil F. McGuinness**
Neil F. McGuinness, P.A.
11645 Biscayne Boulevard, Suite 400
Miami, FL 33181-3139

8

305-981-4301
Fax: 305-981-4304
Email: neil@mcguinnessfirm.com