UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-23902-CIV-KING/GARBER

MAXITO FRANCOIS,

    Plaintiff,

v.

SECURITY ALLIANCE OF FLORIDA,
LLC, a Florida corporation, and MIAMI-
DADE COUNTY, FLORIDA,

    Defendants.
_____/

### ORDER

THIS CAUSE is before the Court by Order of Reference from Senior United States District Judge James Lawrence King. (DE 24). Pursuant to such reference, the Court has received defendant Security Alliance of Florida, LLC's Bill of Costs (DE 22) and Motion to Tax Costs and Memorandum of Law in Support of Bill of Costs (DE 23). The Court has also received plaintiff Maxito Francois' late-filed response (DE 25) and Security Alliance's reply thereto (DE 26). Having considered the Motion, the court file, and applicable law, the Court GRANTS Security Alliance's Motion to Tax Costs (DE 23) in the amount of $1,873.20 against Francois as reasonable, statutorily-permissible costs incurred in this litigation.[1]

On November 14, 2011, Judge King entered final summary judgment in favor of Security Alliance on Francois' retaliation claims, which were brought under 42 U.S.C. § 1981. (DE 21.) As the prevailing party, Security Alliance seeks to recover its taxable costs in reliance upon: 42 U.S.C.

---

[1] Security Alliance's Motion is supported by its Bill of Costs (DE 22) pursuant to 28 U.S.C. §1920 and S.D. Fla. Local Rule 7.3(c). Accordingly, the Court also GRANTS Security Alliance's Bill of Costs.

§ 1981, 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d) and Local Rule 7.3(c). Security Alliance is seeking reimbursement for fees of the clerk, fees for service of summons and subpoena, and fees for printed or electronically recorded transcripts necessarily obtained for use in the case, and has submitted invoices and other documentation supporting its requests. (DE 22 and DE 23.)

Specific costs which may be awarded to a prevailing party are set forth in Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920. Generally, courts are afforded broad discretion in awarding these costs. *E.E.O.C. v. W&O*, 213 F.3d 600, 619-20 (11th Cir. 2000). Specifically, 28 U.S.C. § 1920 provides for the recovery of:

1. Fees of the clerk and marshal;

2. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

3. Fees and disbursements for printing and witnesses;

4. Fees for exemplification and the costs of making copies of any material where the copies are necessarily obtained for use in the case;

5. Docket fees under section 1923 of this title;

6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Francois does not challenge any of the particular items that Security Alliance seeks; Francois, rather, seems to challenge Security Alliance's general entitlement to costs at all. Francois' argument appears to be that, since his lawsuit was not found to be frivolous, Security Alliance is therefore not entitled to its costs. This objection is meritless: once attaining prevailing-party status for purposes of Rule 54(d), Security Alliance became entitled to its costs unless the Court found some special circumstances warranting their denial. *See Head v. Medford*, 62 F.3d 351, 355 (11th Cir. 1995). In reviewing Security Alliance's costs, the Court finds that its requested costs are well-documented,

reasonable, and recoverable litigation expenses as provided for under 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d). Accordingly, it is hereby

ORDERED that Security Alliance's Motion to Tax Costs (DE 23), along with its Bill of Costs (DE 22), be GRANTED and that Security Alliance be awarded costs in the amount $1,873.20.

DONE AND ORDERED in Chambers at Miami, Florida this 12th day of January, 2012.

*/s/ Barry L. Garber*
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE